UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOSS LADY ADVENTURES, LLC | CIVIL ACTION NO. 2:22-cv-00170 L (2) |
| VERSUS | JUDGE ELDON E. FALLON |
| PORTIER FABRICATION, LLC; ROBBIE PORTIER; AND ASHLEY C. PORTIER | MAG. DONNA PHILLIPS CURRAULT |

**ORDER & REASONS**

Before the Court is Plaintiff Boss Lady Adventures, LLC ("Boss Lady")'s motion seeking to exclude the opinions of Defense experts Chad Portier and Robbie Portier. R. Doc. 53. Defendants Portier Fabrication, LLC ("Portier Fabrication"), Robbie Portier, and Ashley Portier oppose the motion. R. Doc. 60. Plaintiff has filed a reply. R. Doc. 66. The Court now rules as follows.

## I.   BACKGROUND

Boss Lady, a company domiciled in Florida, approached Portier Fabrication, a company domiciled in Louisiana, to discuss the possibility of Portier Fabrication constructing a vessel for Boss Lady. R. Doc. 1 at 1-3. On July 23, 2017, Boss Lady entered into a contract with Portier Fabrication for Portier Fabrication to construct a 78-foot steel fishing vessel to be named "BOSS LADY" for a quoted price of $410,000. *Id.* at 3. Boss Lady claims to have entered into this contract with the understanding, as represented by Defendant Robbie Portier, that he and his business had over 40 years of experience building vessels of the kind desired by Boss Lady. *Id.* On March 6, 2019, the parties entered into a "Phase 2 Agreement" defining the parties' obligations in the second phase of the vessel's construction. *Id.* at 3-4. Concerns arose soon after and on May 25, 2020, Boss

Lady sent Portier Fabrication a cease and desist notice instructing it to halt work on the vessel until the parties could resolve their disputes over numerous delays and the quality of the construction. *Id.* at 4.

The parties were unable to resolve their disputes and on February 1, 2021, Boss Lady told Portier Fabrication that it intended to take possession of the vessel and have a third party inspect it for deficiencies. *Id.* The third party identified sixteen specific deficiencies, enumerated in Boss Lady's Complaint. *Id.* at 5-6. Boss Lady then began to contract with third parties to conduct the necessary repairs, which were ongoing at the time it filed its Complaint. *Id.* at 6. Boss Lady seeks damages stemming from both Portier Fabrication's "inadequate performance" under their contracts and the costs it incurred hiring third parties to correct the deficiencies. *Id.* at 6-7. Boss Lady additionally alleges that Defendants Robbie Portier and Ashley Portier billed Boss Lady for work not conducted on its vessel and fabricated time sheets and work orders, constituting intentional misrepresentation and fraud. *Id.* at 15-17.

**II.    PRESENT MOTION**

Plaintiff moves the Court to exclude the opinions of Defendants' proffered experts, Robbie Portier and Chad Portier. R. Doc. 53. In support of its motion, Plaintiff contends that Chad Portier and Robbie Portier lack the necessary qualifications, experience, and education to offer reliable expert testimony as to whether the construction of the BOSS LADY vessel met industry standards. Plaintiff further contends that Chad Portier and Robbie Portier "failed to use any discernible methodology" in their submitted expert reports and proposed testimony, and instead only "used self-serving conclusory statements." *Id.* Finally, Plaintiff argues that neither Chad Portier nor Robbie Portier are capable of providing unbiased and reliable testimony due to the nature of their relationship and history of employment with Portier Shipyard. *Id.*

In opposition, Defendants argue that Chad Portier and Robbie Portier are not being offered as experts as to naval architecture or marine engineering but rather as experts on the construction of "Portier Boats." R. Doc 60 at 3-4. Defendants argue that Chad Portier and Robbie Portier's extensive experience at Portier Shipyards and with Portier Fabrication more than satisfy any *Daubert* concerns relating to their qualifications as experts. *Id.* at 2-3, citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Further, Defendants state they will be testifying regardless, whether as experts or otherwise, and that any bias issues will be credibility issues for the jury to resolve. *Id.* at 5.

### III.   LEGAL STANDARD

Federal Rule of Evidence 702 provides that an expert witness may offer an opinion at trial if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "Trial Courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998). If there is a good chance the factfinder will be "[un]familiar with offshore rigs . . . Plaintiff's proposed expert will be helpful in providing the [factfinder] with the background [it] will need to understand the evidence presented at trial." *McMullin v. BP Oil Expl. & Prod.*, No. 12-1206, 2013 WL 2556032, at *7 (E.D. La. June 10, 2013). However, an expert opinion is not needed when it amounts to "nothing that an ordinary factfinder, using common sense and general knowledge, could not also adequately assess." *Gayle v. La. Dock Co.*, No. 99-3110, 2000 WL 1059815, at *2 (E.D. La. July 31, 2000).

When evaluating whether a proffered expert has the requisite qualifications, courts consider the expert's experience, knowledge, education, training, and any other factors that help the court gauge the "reliability and relevancy of expert testimony." *Kumho Tire Co. v. Carmichael*,

3

526 U.S. 137, 152 (1999). Trial courts "must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable" and a court's consideration of the *Daubert* factors "can help to evaluate the reliability even of experience-based testimony" and "experience-based methodology." *Id.* at 151-152.

## IV.   DISCUSSION

Plaintiff moves to exclude both Chad Portier and Robbie Portier's expert opinions, arguing that (1) Chad Portier and Robbie Portier lack the necessary qualifications and experience in the area of fishing vessel construction, (2) Chad Portier and Robbie Portier's opinions are not based on reliable methodology or criteria, and (3) Chad Portier and Robbie Portier's opinions and proposed expert testimony are biased and unreliable.

### A.  Experience and Education

Defendants are not offering Chad Portier and Robbie Portier to serve as experts on industry standards or otherwise, but rather to testify as to Portier boat construction of steel fishing vessels. R. Doc. 60 at 2. Chad Portier has worked on at least 48 fishing vessels since 1985, he has performed numerous jobs in the shipyard over these decades, he captains seven vessels and owns six maritime or seafood companies, and he has "witnessed the subject vessel being built and spent a lot of time watching its fabrication at his brother's yard." *Id.* at 3. Robbie Portier is similarly experienced, pointing to his work on 20 vessels with his family's business, 15 vessels with his own company (Portier Fabrication), and he has "performed every job in the shipyard as did his brother Chad." *Id.* at 4.

Experience and knowledge can qualify someone as an expert who is not otherwise formally trained or educated. Considering the decades of experience both Chad Portier and Robbie Portier have in the construction of steel fishing vessels, the Court finds both men have the prerequisite

experience to qualify them as experts as to the construction of Portier Boats.

### B. Methodology and Bias

While Chad Portier describes his methodology as simply looking at a vessel, he has the sufficient experience and knowledge to know what to look for when inspecting a vessel under construction. The expert reports are short and unconventionally formatted, but the Court notes that Chad Portier's report is more fully flushed out in his deposition wherein he addresses point by point the opinions he presented in his expert report. While less flushed out, Robbie Portier's deposition includes additional detail on his expert opinions as to Plaintiff's expert Kyle Smith. The Court is satisfied that the reports and depositions taken together do not disadvantage Plaintiff, and that Plaintiff can adequately address the concerns raised in its motion, as to both methodologies and any potential bias, during cross-examination.

### V. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Plaintiff Boss Lady's motion to exclude the opinions of Defense experts Chad Portier and Robbie Portier., R. Doc. 53, be and hereby is **DENIED**.

New Orleans, Louisiana, this  21st  day of July, 2023.

UNITED STATES DISTRICT JUDGE